[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, Stright Sewage Disposal Company, Incorporated (Stright), of Stamford, to foreclose a mechanic's lien of approximately $7,600, recorded in connection with its installation of a septic system at the home of the defendants, Peter B. Ogilvie and Pamela Ogilvie, on Laurel Road in New Canaan. The complaint alleges that Stright signed a written contract with the defendants for an agreed price of approximately $26,000, and that a unpaid balance remained of $7,625, for which a mechanic's lien was filed in the New Canaan land records.
The defendants filed an answer, a "set-off," several special defenses, and a counterclaim. The special defenses include a claim that the contract between the parties violated both General Statutes 20-418
et seq., the Home Improvement Act, and General Statutes 42-134 et seq., the Home Solicitation Sales Act. The counterclaim was in three counts, breach of contract, negligence, and fraud. The defendants alleged that the plaintiff breached the contract by providing unworkmanlike services, and abandoning the project before completion. The Ogilvies also claim that the alleged breaches of the Home Improvement Act and the Home CT Page 6514 Solicitation Sales Act constitute a violation of General Statutes42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The case was referred to Attorney Gary A. MacMillan, an attorney trial referee, in accordance with General Statutes 52-434(a) and Practice Book 428 et seq. The attorney trial referee filed a most comprehensive report consisting of thirty-one pages, and including forty-five findings of fact. He found that (1) the installation of the septic system was based on a drawing by a professional engineer which included the obligation on the part of the plaintiff to provide top soil after the system was installed; (2) the Town Sanitarian approved the installation and determined that backfilling could commence; (3) in mid-1989 plaintiff submitted an invoice to the defendants for $14,000, but the defendants paid only $9,514, claiming that the installation of the system had been unduly delayed, and was performed in an unworkmanlike fashion in several respects, including damage to trees and shrubs; (4) plaintiff refused to proceed with backfilling until the Ogilvies paid the invoice in full, and the defendants refused to pay the plaintiff any more money until their list of open items was resolved; (5) the Town Sanitarian inspected the project and concluded that the plaintiff had not covered the berm material sufficiently; (6) the plaintiff did not spread topsoil as required by the drawings; and (7) the defendants hired another contractor for filling, grading and topsoil, at a cost of $2,873, and thereafter the Town Sanitarian accepted the project.
The attorney trial referee concluded on the basis of these findings of fact that (1) since the installation of the septic system was a "home improvement," as defined by General Statutes 20-419(4), and Stright was not registered with the Commissioner of Consumer Protection as required by 20-420, the plaintiff was therefore not authorized to enforce its contract with the defendants; (2) on the date in August, 1988 when the contract was entered into, and again when the work was performed in late 1988 and during the spring of 1989, the law concerning subsurface sewage disposal system installers had not yet been amended, and the exemptions enacted in 1990 and 1991, as set forth in General Statutes 20-428(4), were not retroactive; (3) the contract violated the Home Improvement Act in several other respects as well, including that Mrs. Ogilvie, a co-owner of the property, did not sign the contract; the contract price of $26,865 was not the amount actually agreed upon between the parties, which was $25,625; and there were no starting or completion dates indicated; (4) because of General Statutes 20-429(a)(6) the contract was also subject to the requirements of the Home Solicitation Sales Act, and it did not comply with this statute because of an inadequate cancellation notice, and hence was unenforceable for that reason as well; (5) the CT Page 6515 defendants had failed to prove the allegation of fraud in their counterclaim; (6) they failed to prove the plaintiff breached the contract with them, as they themselves were in breach by failing to make the required payment due plaintiff before backfilling was to commence; and (7) the Ogilvies did not prove a violation of CUTPA on the part of plaintiff, because they suffered no ascertainable loss or damage in that the value of the work received from plaintiff was greater than the amount paid to Stright for its work.
Pursuant to Practice Book 438, both the plaintiff and the defendants moved to correct the report. Plaintiff contended that the findings of fact should be amended to state that Mr. Ogilvie signed the contract on behalf of and for Mrs. Ogilvie. Plaintiff also argued that a license from the Commissioner of Consumer Protection was not required, and that neither the Home Improvement Act or the Home Solicitation Sales Act applied to its installation of a septic system for the defendants.
The Ogilvies claimed that the referee's findings should be corrected to add that (1) the plaintiff failed to prove at trial proper service and filing of a lis pendens or a mechanic's lien; (2) the value of the services provided by Stright was $18,000, not the contract price; and (3) the defendants did suffer an "ascertainable loss" because they incurred attorney's fees in defending plaintiff's action.
The referee declined to change his recommendations that judgment enter for the defendants on the complaint and in favor of the plaintiff on the counterclaim, but he did make several changes and incorporated them in a supplementary report entitled "Corrected and Restated Referee's Report" dated June 9, 1992. The referee changed his report in response to plaintiff's motion to correct by concluding that Mr. Ogilvie did in fact sign the contract on behalf of Mrs. Ogilvie, who was accordingly bound thereby. With respect to defendants' motion to correct, the referee agreed that plaintiff had not offered evidence of the notice of intent to claim a mechanic's lien, or a copy of the mechanic's lien, and hence had failed to make out a prima facie case for the foreclosure of a mechanic's lien. The referee also concluded that the defendants had proved a separate violation of the Home Solicitation Sales Act because of the improper notice of cancellation.
Both the plaintiff Stright and the defendants then filed exceptions to the report; Practice Book 439; and the required transcript was filed. The exceptions by plaintiff contend that the referee's report should be amended to reflect that (1) the contract did not require the plaintiff to furnish top soil, and that the only item remaining to complete the project was extra berm material; (2) copies of the mechanic's lien and CT Page 6516 of the intent to file the lien were attached to the complaint, and Mr. Ogilvie conceded he had received a copy of the mechanic's lien; and (3) plaintiff was not a home improvement contractor and a license from the Commissioner of Consumer Protection was not required.
The defendants also filed exceptions contending that (1) because Mrs. Ogilvie did not personally sign the contract, it did not conform to20-429(a)(2) of the Home Improvement Act; (2) the defendants suffered monetary loss by reason of the $2,873 they paid to another contractor to finish the installation of the septic system; and (3) the attorney's fees incurred by the Ogilvies in defending this suit were recoverable under CUTPA.
This court's authority in reviewing an attorney trial referee's recommendations as to the facts of a given case is a limited one. As our Supreme Court held in Dills v. Enfield, 210 Conn. 705, 714,557 A.2d 517 (1989): (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Also, Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 425,567 A.2d 1250, cert. denied, 204 Conn. 804, 573 A.2d 318 (1990), notes that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous."
According to Bernard v. Gershman, 18 Conn. App. 652, 656,559 A.2d 1171 (1989), this court's task is to determine whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440. Therefore, the first issue is whether the referee's factual findings are supported by the record. The facts in this case really do not appear to be contested to any extent. It is the conclusions that the referee drew from the facts that are disputed.
Although the defendants did not file objections to the acceptance of the report; Practice Book 440; the plaintiff did so and contends that (1) the defendants failed to prove that plaintiff came within the scope of the Home Improvement Act; (2) the referee erred in concluding that plaintiff failed to make out a prima facie case for the foreclosure of a mechanic's lien; and (3) defendants invoked the Home Improvement Act in bad faith, as described in Habetz v. Condon, 224 Conn. 231, 237,618 A.2d 501 (1992). The referee filed a supplementary report dated CT Page 6517 February 18, 1993, after a remand by this court, which pointed out that the plaintiff never pled or proved the bad faith exception to invoking the Home Improvement Act, nor did plaintiff contend or prove that the defendants waived their rights under that act.
Accordingly, the next issue is whether the referee's conclusions that the contract between plaintiff and defendants failed to comply with either the Home Improvement Act or the Home Solicitation Sales Act, and also that plaintiff did not present a prima facie case for the foreclosure of a mechanic's lien, follow logically and legally from his factual findings. These conclusions were based on the finding that the contract did not comply with the requirements of General Statutes20-429(a). The contract was submitted as an exhibit and the referee's conclusions are confirmed by a review of the contract. Moreover, General Statutes 20-429(a)(6) incorporates the requirements of the Home Solicitation Sales Act, Chapter 740, regarding cancellation rights.
Furthermore, subsection (a)(7) provides that a home improvement contract is not valid unless it is entered into by a "registered" contractor, and plaintiff concedes that it was not registered by the Commissioner of Consumer Protection. Plaintiff argues, however, that it is exempt from registration because of the provision in General Statutes20-428(4) exempting "any person holding a current professional or occupational license." This exemption was enacted by Public Act 90-233, 1, effective October 1, 1990, and plaintiff points to his license from the Connecticut Department of Health. General Statutes 20-341e. The referee, however, after reviewing the legislative history, determined that the 1990 legislation, and a similar amendment in 1991, were prospective only, and not retroactive, and I have no reason to conclude otherwise.
The referee's further conclusion that the defendants were not damaged because they received more from the plaintiff than they paid Stright also follows legally and logically from the facts. The Ogilvies paid Stright about $18,000 and received, according to the referee, services valued at the contract price of approximately $26,000, less the $2,873 paid to the other contractor to finish the job.
Based on the standard of review in Dills v. Enfield, supra, I could not determine or find that the attorney trial referee's conclusions that judgment should enter for the defendants with respect to plaintiff's complaint, and that the defendant failed to prove any recoverable loss under CUTPA, thus warranting a judgment for the plaintiff on the counterclaim, were erroneous. On the contrary, I believe that, in the words of Practice Book 440, his recommendations were "properly reached CT Page 6518 on the basis of the subordinate facts found." Thus, no material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443.
Judgment is entered in accordance with the report of the attorney trial referee in favor of the defendants as to the complaint, and for the plaintiff with respect to the counterclaim.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of July, 1993.
William B. Lewis, Judge