[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These three cases all involve a dispute between a builder, Costas Aloupis, and Abraham and Nehama Aschkenasy, owners of premises located at 174 Sanford Lane, Stamford, arising from construction work performed by plaintiff at the defendants' home after a fire had damaged certain portions of the premises. The first of the above captioned cases, Aschkenasy v. Aloupis, CV 89-0103650, was withdrawn by the plaintiffs on April 14, 1993.
Prior to the withdrawal of the first case, all three cases had been referred to Attorney Gordon R. Paterson, an attorney trial referee, in accordance with General Statutes 52-434 (a)(4) and Practice Book 428 et seq.
The attorney trial referee, after conducting a trial over the course of three days, recommended that judgment enter in favor of the homeowners, Abraham and Nehama Aschkenasy, in the two remaining cases in which the builder sued the homeowners, CV 89-0103964 and CV 92-0122928, because the contract between the parties failed to comply with General Statutes 20-418 et seq., the Home Improvement Act, in a number of respects. According to the referee, the builder or contractor did not have a certificate of registration as a home improvement contractor, in violation of General Statutes20-420 (a) and 20-427 (b)(5). Moreover, according to the referee, the contract between the parties, which was dated December 20, 1988, failed to conform with the Home Improvement Act in that it did not include a notice of right of cancellation, and a list of extras was not signed by the parties. General Statutes 20-429
(a)(3) and (6).
The referee also considered the possible application of the "bad faith" exception to the unenforceability of a contract failing to conform to the Home Improvement Act, as discussed by our Supreme Court in Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992). ("Bad faith means more than mere negligence; it involves a dishonest propose.") The referee concluded that this exception did not apply because there was no evidence that the homeowners knew of the Act or attempted to take advantage of it.
The files do not indicate that the contractor, Costas Aloupis, CT Page 6694 filed a motion to correct the referee's factual findings; (Practice Book 438); or any exceptions; (Practice Book 439); or objections to the acceptance of the report; (Practice Book 440). Because of the lack of exceptions, the factual findings by the referee must stand uncorrected. Ruhl v. Fairfield, 5 Conn. App. 104, 106,496 A.2d 994 (1985) (our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions"). Failing to file exceptions constitutes in effect a "waiver" of the right to "attack the subordinate factual findings contained in the report." Bernard v. Gershman, 18 Conn. App. 652,655, 559 A.2d 1171 (1989).
This court's authority in reviewing an attorney trial referee's recommendations is a limited one, in any event. As our Supreme Court held in Dills v. Enfield, 210 Conn. 705, 714,557 A.2d 517 (1989): (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Also, Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250
(1989), notes that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous."
Since we must accept the referee's findings of fact in the absence of any exceptions to the report, this court's task, according to Bernard v. Gershman, supra, 656, is to determine whether the conclusions of fact and law are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440. The Appellate Court added in Bernard that "[w]here evidence is in conflict, its probative force is for the trier of fact to determine."
The referee found in this case that the contract was not for the construction of a new home, but rather concerned repair and rehabilitation of an existing home; that the list of "extras" was not signed; and that the contract failed to provide for a right of cancellation. These violations all prohibit a contractor from enforcing a home improvement contract.
Therefore, I agree with the referee that judgment should enter in favor of the defendants, the homeowners, because no material CT Page 6695 error in his report has been found or any other sufficient reason why the report is unacceptable. Practice Book 443. I believe that, in the words of Practice Book 440, his recommendations were "properly reached on the basis of the subordinate facts found."
Judgment is entered in accordance with the referee's report in favor of the defendants in both of the two remaining cases, CV 89-0103964 and CV 92-0122928. Costs are to be taxed by the clerk.
So Ordered
Dated at Stamford, Connecticut, this 22nd day of July, 1993.
WILLIAM BURKE LEWIS, JUDGE