[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Morford L. Downes, Inc., claims that the defendant, Daniel B. Vindheim, breached an oral agreement to pay for certain home improvement materials furnished by it to the defendant. The complaint CT Page 4113 contains four counts. In the first count, the plaintiff alleges that in August, 1988, it entered into an agreement with defendant, who was its employee, to furnish the defendant home improvement supplies and material, and that defendant agreed to pay plaintiff the wholesale price for these materials plus 20%. Plaintiff also alleges that it was agreed that these materials could be paid for by the defendant by subtracting the amount due from an annual bonus that plaintiff had been paying defendant. Plaintiff states that it did not pay a bonus to defendant after June, 1988; that it continued to furnish materials and supplies to defendant for the period from August of 1988 to June of 1989; and that plaintiff was owed approximately $12,650. In the second count, the plaintiff seeks the reasonable value of the materials furnished to defendant. The third count claims an account stated, and the fourth contends that the defendant was unjustly enriched.
The defendant filed a special defense claiming that plaintiff was estopped from seeking reimbursement for the home improvement material it furnished, because he had always received a bonus in prior years of employment from which the cost of the materials had been subtracted, and that plaintiff had no right to cease payment of such bonuses. The defendant also filed a counterclaim alleging that he had been promised a bonus for 1988, as a result of which he had incurred a home equity loan obligation in order to make an addition to his home.
The case was referred to Attorney Samuel V. Schoonmaker, III, an attorney trial referee, in accordance with General Statutes 52-434(a)(4) and Practice Book 428 et seq. The attorney trial referee conducted a trial and then filed his report recommending that judgment enter for the plaintiff against the defendant for $10,412.37, without prejudgment interest. The referee made the following findings of fact: (1) that defendant, while working for plaintiff between August, 1988 and June, 1989, had received home improvement materials from plaintiff; (2) that there had been an agreement that defendant would pay for these materials as alleged in the complaint; (3) that plaintiff did not pay any bonuses after July, 1988 to anyone, including the plaintiff; (4) that defendant paid plaintiff $5,000 on account of materials and supplies furnished by plaintiff; (5) that plaintiff had not made any representations concerning the continued annual payments of bonuses; and (6) that there was insufficient proof that defendant's taking out of an home improvement loan was based on representations by the plaintiff regarding bonuses.
The attorney trial referee drew the following conclusions from these findings of fact: (1) that the plaintiff did not have an obligation to continue paying bonuses and the plaintiff was therefore not estopped from seeking reimbursement for the materials sold to defendant; (2) that the CT Page 4114 parties agreed that the price of the materials would be cost plus 10% and that defendant owed plaintiff the sum of $10,412.37, but without prejudgment interest; (3) that plaintiff's second count regarding the reasonable value of the material furnished was irrelevant, the third count seeking more than the sum found due was in error, and the fourth count seeking unjust enrichment had not been proven; (4) that the plaintiff had not made any representations to defendant about the continued payment of bonuses: and (5) that the defendant had not proved his counterclaim that he had relied on any such alleged representation.
Pursuant to Practice Book 438, the defendant moved to correct the report.[1] The defendant argued that the findings of fact should be amended so as to reflect that: (1) there was no agreement that defendant would pay for the materials furnished to him; (2) the plaintiffs board of directors did not vote to eliminate bonuses after July of 1988; (3) prior purchases of material from plaintiff had been paid out of bonuses; (4) the plaintiff promised defendant that bonuses would continue; and (5) the defendant acted in reliance thereon in assuming responsibility for a home equity line of credit for improvements to his house.
In response to the defendant's motion to correct, the referee issued a supplemental report dated November 24, 1993.[2] This report reiterated his conclusion that a contract existed between plaintiff and defendant as previously determined, and that defendant owed plaintiff for home improvement materials supplied him by plaintiff. The referee also stated that his reference to the plaintiffs board of directors only meant to convey that he found that the board had not declared bonuses for any employee after July, 1988, and that it was within the discretion of plaintiff's board of directors to declare or not declare a bonus. Thus, the referee declined to make the corrections to his report requested by defendant.
The usual review of an attorney trial referee's report by this court consists of two tasks. Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied, 217 Conn. 811,587 A.2d 153 (1991). The first is to determine whether "there was ample evidence to support the attorney trial referee's factual findings," and the second is to rule on whether "the conclusions reached were in accordance with the applicable law." Id. In the present case, the defendant did not file exceptions asking this court to correct the report. Practice Book 439. As a matter of fact, in his brief the defendant indicates that "he is not challenging the factual findings" of the referee in the context of Practice Book 438. It follows therefore that the factual findings by the referee must stand uncorrected. Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994 (1985) (the court's role is CT Page 4115 "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions.") A failure to file exceptions constitutes in effect a waiver of the right to "attack the subordinate factual findings contained in the report." Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989). The defendant did file objections to the acceptance of the referee's report, Practice Book 440.
This court's authority in reviewing an attorney trial referee's recommendations is a limited one. As our Supreme Court has held: (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Dills v. Enfield, 210 Conn. 705, 714-16, 557 A.2d 517 (1989); see also Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,425, 567 A.2d 1250 (1989) ("[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous.")
Since the trial court must accept the referee's findings of fact in the absence of any exceptions to the report, its task is to determine whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, supra, 656; Practice Book 440. "[W]here evidence is in conflict, its probative force is for the trier of fact to determine." Id.
In the present case, the referee found that the parties knowingly and mutually entered into a contract in which plaintiff would furnish home improvement materials to defendant and that defendant would pay plaintiff for this material. He also concluded that the defendant had not proved his counterclaim which contended that he should only be obliged to repay the plaintiff if he had received a bonus from which the cost of the materials could be subtracted.
In his objections to the report, the defendant contends that the "rulings reached on those findings," referring to referee's factual findings which were unchallenged as indicated previously, are in error. The objections reiterate defendant's contention that he and plaintiff had never entered into a binding agreement regarding repayment for the material furnished him. Defendant argues, in effect, that if plaintiff failed to give him a bonus, then he was entitled to obtain plaintiff's property free of charge. According to his brief, defendant claims "that he took the subject materials from the Plaintiff with the expectation that their value CT Page 4116 would be deducted from his bonus, just as had been done in years past." The referee found that the plaintiff was under no obligation to declare bonuses for its employees. The defendant also claimed in his brief that "he was fully within a reasonable and justifiable expectation that the same conduct would continue — i.e. that he would receive a bonus during each year he was employed." This is defendant's theory of the case and the basis for his counterclaim. However, the referee found that the plaintiff's payment of a bonus to its employees such as defendant was discretionary, and that defendant was obliged to pay for the materials he received even in the absence of a bonus.
Because of the referee's finding of fact regarding the nature of the agreement between the parties, the court agrees with the referee that judgment should enter in favor of the plaintiff. No material error in his report has been found, or any other sufficient reason why the report is unacceptable. Practice Book 443. The court finds that, in the words of Practice Book 440, the referee's recommendations were "properly reached on the basis of the subordinate facts found."
Judgment is entered in accordance with the referee's report in favor of the plaintiff to recover $10,412.37, and in favor of the plaintiff with respect to defendant's counterclaim. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 20th day of April, 1994.
William B. Lewis, Judge