[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kenneth Garfunkel, alleges that he and the defendant, Eugene Coleman, owned premises located on St. John Street in Norwalk as tenants in common, and plaintiffs seeks a partition by sale of said premises. The defendant filed an answer denying that plaintiff owns the subject premises. The defendant also asserted special defenses which claim that the defendant is the sole owner of the premises because of adverse possession, CT Page 11340 pursuant to General Statutes § 52-580, and that plaintiff's action is barred by the statute of limitations, General Statutes § 52-575. In addition, the defendant filed a counterclaim. In the first count, defendant repeats the claim of adverse possession. In the second count of the counterclaim, defendant alleges that he has paid all the expenses for the premises, and that plaintiff, who is described as a joint owner in this count, is indebted to him as a result.
The case was referred to Attorney William A. Phillips, an attorney trial referee, in accordance with General Statutes §52-434(a)(4) and Practice Book § 428 et seq. The attorney trial referee conducted a trial and then filed his report recommending that judgment enter for the plaintiff. The referee made the following findings of fact: (1) that the defendant and one Jean Chariott, now deceased, purchased the premises in 1967 as tenants in common; (2) that in 1974, Jean Chariott terminated her involvement and relationship with the defendant and conveyed her one half interest in the premises to her brother, William Chariott as trustee; (3) that in 1976, Jean Chariott married the plaintiff and remained married to him until her death in 1992; (4) that in 1990, William Chariott, trustee, quit-claimed his interest in the premises to the plaintiff; (5) that defendant has had exclusive use and occupancy of the subject premises for well over fifteen years, and during that time never paid any rent to Jean Chariott or to anyone else; (6) that during his occupancy, defendant made most of the payments on the mortgage, and for taxes, insurance, maintenance and repairs; (7) that Jean Chariott also made some payments with respect to the subject premises; and (8) that the fair market value of the subject premises at the time of trial was $127,000.
The attorney trial referee drew the following conclusions from these findings of fact: (1) that the deed to Jean Chariott and defendant created a joint tenancy, and that the subsequent deeds to William Chariott, trustee, and then to the plaintiff also created a joint tenancy between plaintiff and defendant; (2) that defendant did not prove by any standard of evidence that his possession of the subject premises was hostile or adverse to his co-owners, but rather that defendant's occupancy was consensual; (3) that defendant is not entitled to an accounting because defendant's exclusive use of the premises and his payments for the mortgage, taxes, etc. were balanced by his not paying any rent to his co-owners; and (4) that an action for partition by plaintiff is proper and in order pursuant to General Statutes § 52-495, CT Page 11341 and that a partition by sale, General Statutes § 52-500, is recommended, with the net proceeds of sale to be divided equally between plaintiff and defendant.
Pursuant to Practice Book § 438, the defendant moved to correct the report to reflect that: (1) the owners held the subject premises as joint tenants with right of survivorship; (2) plaintiff failed to prove his chain of title; and (3) plaintiff did not own the premises jointly with defendant. In response to the defendant's motion to correct, the referee issued a supplemental report in which he declined to make any corrections to his original report, except to agree that Jean Chariott and the defendant originally took title as joint tenants with right of survivorship.
The usual scope of review of an attorney trial referee's report by this court consists of, first, determining whether "there was . . . evidence to support the attorney trial referee's factual findings," and, second, whether "the conclusions reached were in accordance with the applicable law." Thermoglaze, Inc. v.Morningside Gardens, Co., 23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991). In the present case, the defendant did not file exceptions asking this court to correct the report. Practice Book § 439. It follows therefore that the factual findings by the referee must stand uncorrected. Ruhlv. Town of Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994 (1985) (the court's role is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions."). A failure to file exceptions constitutes in effect a waiver of the right to "attack the subordinate factual findings contained in the report." See Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989), where a failure to file a motion to correct waived the right to challenge referee's report.
The defendant did file objections to the acceptance of the referee's report. Practice Book § 440, in which he contended that plaintiff did not prove that he had any rights to the subject premises because he did not offer any expert testimony regarding the chain of title, such as a title report or abstract. This court's authority in reviewing an attorney trial referee's recommendations is a limited one. As our Supreme Court has held: (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has CT Page 11342 been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dillsv. Town of Enfield, 210 Conn. 705, 714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "factfinding contrary to the report of the referee." Id., 716.
Since the trial court must accept the referee's findings of fact in the absence of any exceptions to the report, its task is to determine whether the legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, supra, 18 Conn. App. 656; Practice Book § 440. "[W]here evidence is in conflict, its probative force is for the trier of fact to determine." Id.
In the present case, the referee points out that the plaintiff offered into evidence a certified copy of the deed from Jean Chariott to her brother, William Chariott, trustee, and a certified copy of the deed from William Chariott, trustee, to him. The referee concluded it was not necessary to produce the original deeds in view of the submission of certified copies. The referee also indicates that there was no dispute at the trial regarding the contents of the original deeds. Both of these conclusions appear to be legally and logically correct, and thus the court agrees with the referee's recommendation that judgment should enter in favor of the plaintiff. No material error in the referee's report has been found, nor any other sufficient reason why the report is unacceptable. Practice Book § 443. The court finds that, in the words of Practice Book § 440, the referee's recommendations were "properly reached on the basis of the subordinate facts found."
A judgment of partition by sale is entered in accordance with the referee's report. Attorney David W. Hopper of Greenwich is appointed as a committee to sell said premises and divide the net proceeds equally between the plaintiff and defendant.
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of November, 1994.
WILLIAM B. LEWIS, JUDGE CT Page 11343