[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Air Express International (H. K.) Ltd. (Air Express), of Hong Kong, alleges in the first count of its complaint that the defendant Lawrence M. Artz, formerly d/b/a Asia Industries Group, received airfreight services from the plaintiff and owes the plaintiff approximately $39,500 for those services. In the second and third counts of the complaint, the plaintiff alleges that the defendant Asia Buyfinders International Ltd. (Asia Buyfinders), of Greenwich, acknowledged this debt of Artz and agreed to assume it. A default for failure to appear subsequently entered against Asia Buyfinders as to the second and third counts of the complaint. The defendant Artz in response to the first count of the complaint denied the material allegations of the complaint. Artz also filed two special defenses claiming that a novation and an accord and satisfaction had arisen from Asia Buyfinders' assumption of the debt due the plaintiff from Katz. CT Page 11752
The case was referred to Attorney William J. Murray, an attorney trial referee, in accordance with General Statutes § 52434(a)(4) and Practice Book § 428 et seq. The referee conducted a trial and then filed his report recommending that judgment enter for the plaintiff. The referee made the following findings of fact: (1) that Artz received airfreight services from the plaintiff but did not make any payments on his indebtedness to the plaintiff; (2) that the plaintiff's only witness, Mark Delgado, was qualified to testify on behalf of the plaintiff because he was employed by the plaintiff's parent corporation, Air Express International United States, as manager of Foreign Agent Accounts; (3) that Delgado had participated in a two-week training session in Hong Kong and was familiar with the type of invoice or airbill sent by the plaintiff to those utilizing its services; (4) that Asia Buyfinders wrote to the plaintiff on June 5, 1990 indicating that it would assume Katz's debt and did make five payments thereon; and (5) that the plaintiff never signed any agreement relieving Katz of his debt.
The attorney trial referee drew the following conclusions from these findings of fact: (1) that the invoices and airway bills sent to Katz by the plaintiff and submitted into evidence constituted business records in accordance with General Statutes § 52-180; (2) that neither a novation or an accord and satisfaction occurred as the plaintiff never agreed to relieve Katz of his liability; (3) that Katz owes the plaintiff $39,518.37 without interest as the invoices submitted to Katz did not provide for interest; and (4) that as to Asia Buyfinders, the amount of its liability under counts two and three of the amended complaint should be determined at a hearing in damages.
Pursuant to Practice Book § 438, the defendant Katz moved to correct the report to reflect that: (1) Delgado was not competent to testify on behalf of the plaintiff as he worked for the United States parent company and was not familiar with the invoices and airbills used by the plaintiff, its subsidiary, in Hong Kong; (2) that the United States company is the agent for the plaintiff in Hong Kong; (3) that Delgado had not observed similar invoices being produced in Hong Kong; (4) that everything Delgado knew about the transaction was based on hearsay; (5) that the plaintiff accepted six payments from Asia Buyfinders and therefore should be relieved of its liability to the plaintiff on the theory of a novation; and (6) that no evidence had been submitted that the plaintiff continued to bill Katz after Asia CT Page 11753 Buyfinders made its six payments.
In response to the defendant Artz's motion to correct, the referee issued a supplemental report in which he declined to make any corrections to his original report, except to note: (1) that the plaintiff's day-to-day operations were controlled by its own staff in Hong Kong, although the parent company in the United States controlled the internal workings of the plaintiff; and (2) that six payments from Asia Buyfinders were made to, and accepted by the plaintiff.
The usual scope of review of an attorney trial referee's report by this court consists of, first, determining whether "there was . . . evidence to support the attorney trial referee's factual findings," and second, whether "the conclusions reached were in accordance with the applicable law." Thermoglaze,Inc. v. Morningside Gardens, Co., 23 Conn. App. 741, 746,583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991). In the present case, the defendant Katz did not file exceptions asking this court to correct the report. Practice Book § 439. It follows therefore that the factual findings by the referee must stand uncorrected. Ruhl v. Town of Fairfield,5 Conn. App. 104, 106, 496 A.2d 994 (1985) (the court's role is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions."). In effect, a failure to file exceptions constitutes a waiver of the right to "attack the subordinate factual findings contained in the report." See Bernard v. Gershman, 18 Conn. App. 652,655, 559 A.2d 1171 (1989) (holding that the failure to file a motion to correct waives the right to challenge the referee's report).
The defendant Katz did file objections to the acceptance of the referee's report, Practice Book § 440, in which his only contention is that Delgado's testimony was hearsay and that the introduction of the airbills did not fall within the business records exception. The plaintiff objected to any consideration by the court of the objections to the report because such objections were filed on September 20, 1994, whereas the referee's ruling was filed and mailed to counsel on September 1, 1994. Practice Book § 441 requires that an objection to a report be filed within two weeks after the filing of a decision by the referee on a motion to correct. The plaintiff's point is well taken but the court has nevertheless reviewed the record to insure that the result is fair and just to all the parties. CT Page 11754
This court's authority in reviewing an attorney trial referee's recommendations is a limited one. As our Supreme Court has held: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Town of Enfield, 210 Conn. 705, 714,557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
Since the trial court must accept the referee's findings of fact in the absence of any exceptions to the report, the task of the trial court is to determine whether the legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v.Gershman, supra, 18 Conn. App. 656; Practice Book § 440. "Where evidence is in conflict, its probative force is for the trier of fact to determine." Id.
In the present case, the attorney trial referee found that Delgado was the manager of Foreign Agents Accounts for Air Express International United States, the parent company of the plaintiff, and his duties were to reconcile receivables with overseas agents including the plaintiff. The referee further found that the airbills produced are universal to all Air Express International offices, and that Delgado was familiar with these airbills and had observed similar documents being prepared by the plaintiff. He therefore concluded that the airbills were admissible as business records. "To admit evidence under the business record exception to the hearsay rule, a trial court must find that the record satisfies each of the three conditions set forth in General Statutes § 52-180. The court must determine, before concluding that it is admissible, that the record was made in the regular course of business, that it was in the regular course of such business to make such a record, and that it was made at the time of the act described in the report, or within a reasonable time thereafter. To qualify a document as a business record, the party offering the evidence must present a witness who testifies that these three requirements have been met. It is not necessary that the record sought to be admitted was made by that witness or even that the witness was employed by the business at the time the record was made. Section 52-180 should CT Page 11755 be liberally construed . . . A business record admitted under § 52-180 need not have been seen by the defendant or signed or otherwise adopted by him. [T]he statute recognizes that the trustworthiness of such documents comes from their being used for business and not for litigation." (Citations omitted; internal quotation marks omitted.) State v. Lawler, 30 Conn. App. 827,831-32, 622 A.2d 1040 (1993). The record indicates that Delgado testified as follows: "Q. Can you tell me is that a document that was made in the regular course of [plaintiff's] business? A. Yes. Q. And is it the regular course of business to make such a record? A. Yes. Q. Would that document have been made at or about the time that the services were rendered? A. Yes." Thus, the referee was justified in concluding that the airbills were admissible as business records.
Furthermore, a novation had not occurred because: "[A] novation is a term used to refer to the introduction of a new party into a new contract. To succeed on its claim of novation, the defendant was required to prove that the one in the position of creditor . . . had accepted a new debtor . . . in the place of the defendant to which [he] would look for fulfillment of the . . . obligation owing to [him]. In addition it requires proof that the [plaintiff] had agreed to a discharge of the defendant's obligation to him. This was a question of fact to be determined by the trial court." (Citations omitted; internal quotation marks omitted.) Spicer v. Spicer, 33 Conn. App. 152,158-59, 634 A.2d 902 (1993). In the present case, the attorney trial referee found that the plaintiff never agreed to accept Asia Buyfinders as a new debtor in place of the defendant Katz, and had specifically refused to sign anything that could possibly be construed as a novation. This is a finding of fact which must be accepted by the trial court.
The attorney trial referee's conclusions about the testimony of Delgado and the admissibility of business records appear to be legally and logically correct, and thus the court agrees with his recommendation that judgment should enter in favor of the plaintiff and against the defendant Katz. No material error in the referee's report has been found, nor any other sufficient reason why the report is unacceptable. Practice Book § 443. The court finds that, in the words of Practice Book § 440, the referee's recommendations were "properly reached on the basis of the subordinate facts found."
A judgment enters in favor of the plaintiff against defendant CT Page 11756 Katz for $39,518.57. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of November, 1994.
William B. Lewis, Judge