LINDA R. BERNARD *v.* ANATOLE GERSHMAN ET AL.
(7329)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued April 18—decision released June 20, 1989

---

*Edward M. Rockett,* for the appellants (defendants).

*Barry B. Johnson-Fay,* for the appellee (plaintiff).

STOUGHTON, J. This case was referred by the trial court to an attorney trial referee. After a hearing, the referee filed a report setting forth the facts found and conclusions drawn therefrom and recommending judgment for the plaintiff. The defendants filed an objection to the report that was overruled by the trial court. Judgment for the plaintiff was rendered as recommended by the referee and this appeal followed.

The defendants claim that the trial court erred (1) in overruling their objection to the referee's report, and (2) in rendering judgment in accordance with the report. They also claim that the referee erred in refusing to admit into evidence a letter to the defendants written by the plaintiff's counsel. They appear to claim that the trial court erred in accepting the report that had concluded that they had fraudulently induced the plaintiff to purchase property and had concealed the condition of a well, and failed to conclude that the plaintiff had notice of the condition.

The plaintiff alleged that she had purchased certain real property from the defendants, that while the defendants had owned the property the supply of water from the well was inadequate for normal needs, that the defendants had at various times represented that the water supply was adequate for normal household purposes and had fraudulently concealed its inadequacy from the plaintiff, and that she had relied on the defendants' representations and had been induced thereby to purchase the property. The parties signed a contract

dated February 20, 1987, for the purchase and sale of the property. The contract provided for a well test to be carried out by the plaintiff, at her expense, by February 27, 1987.

The referee found the following facts. The plaintiff purchased a house from the defendants in April, 1987. After her first visit to the house with an agent, she made an offer which was accepted. Before the closing, she went to the house to take some measurements. At that time, the defendants showed her how to work the water pump. They told the plaintiff to be careful not to run more than one water using appliance at a time, but said that with regard to the water supply she could "lead a normal life." The day after she moved into the house, the system ran out of water after two flushes of the toilet and two showers. Even with minimal use, the system ran out of water. The plaintiff had the well tested for its recovery rate and discovered that the depth of the well and the recovery rate were not adequate for normal household purposes.

The referee concluded that the condition of the well was such that the defendants should have disclosed the problem more fully to the plaintiff. He also concluded that, having spoken about the adequacy of the water, they should have made full and fair disclosure. In addition, he concluded that when they represented to the plaintiff that she could lead a normal life in the use of water, and when they spoke of limiting use of more than one appliance, they should have made a complete disclosure, and their failure to do so was equivalent to a false representation to induce the plaintiff to purchase the property.

An attorney referee is a factfinder whose determination of the facts is reviewable in accordance with the rules of practice found in Practice Book §§ 428 through 444. *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 502,

508 A.2d 415 (1986). If a party wishes to have the facts added to or corrected, or to have a ruling on evidence set forth, he must file a motion to correct the report which is then acted upon by the referee. Practice Book § 438. If the referee does not make the requested change, the moving party may file an exception seeking to have the court correct the report. Practice Book § 439. The court will not consider an exception unless its subject matter has been submitted to the referee. Id. A party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings. Practice Book § 440.

The referee did not file his report in the form contemplated by Practice Book § 434, but he made findings of fact and reported conclusions in his memorandum of decision. Inasmuch as the parties and the trial court have treated the memorandum of decision as a report, we will do so.

The defendants did not file a motion to correct the referee's report and have waived any right to attack the subordinate factual findings contained in the report. *LiVolsi* v. *Pylypchuk,* 12 Conn. App. 527, 528, 532 A.2d 593 (1987). The defendants filed an objection to the report of the referee on the ground that it was inconsistent with and in conflict with the evidence. The objection was overruled, the report was accepted and judgment was rendered in accordance therewith for the plaintiff.

Essentially, the defendants' claims are that the facts do not support a finding of fraudulent misrepresentation on their part, and that any representations they made about the water supply were made after the contract was signed by the plaintiff and thus could not have induced her to buy.

Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. See *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 256, 524 A.2d 610 (1987). Where evidence is in conflict, its probative force is for the trier of fact to determine. Id., 257.

Usually, mere nondisclosure does not amount to fraud. See *Duksa* v. *Middletown*, 173 Conn. 124, 127, 376 A.2d 1099 (1977). Nondisclosure may, however, amount to fraud when there is a failure to disclose known facts under circumstances that impose a duty to speak. See id.; *Wedig* v. *Brinster*, 1 Conn. App. 123, 131, 469 A.2d 783 (1983), cert. denied, 192 Conn. 803, 472 A.2d 1284 (1984). In addition, once a vendor undertakes to speak on a subject, the vendor must then make a full and fair disclosure as to that subject. *Franchey* v. *Hannes*, 152 Conn. 372, 379, 207 A.2d 268 (1965); *Wedig* v. *Brinster*, supra.

The essential elements of an action in fraud are (1) that a false representation was made as a statement of fact, (2) that it was untrue and known to be untrue by the party making it, (3) that it was made to induce the other party to act on it, and (4) that the latter did so act on it to his injury. *Miller* v. *Appleby*, 183 Conn. 51, 54–55, 438 A.2d 811 (1981).

There was ample evidence to support the finding by the referee that the condition of the well should have been disclosed fully to the plaintiff. There is no merit to the claim made by the defendants that once the plaintiff had signed the contract, their subsequent misrepresentations could not have induced the plaintiff to purchase the property. At least until title passed and the purchase price was paid, the plaintiff had the right to refuse to accept a deed and to recover any provable damages. *Franchey* v. *Hannes*, supra, 378. An action

will lie for a fraudulent nondisclosure that causes one to continue in a course of action. Id; see also *Miller* v. *Appleby*, supra (a misrepresentation concerning the septic system occurred after the contract had been signed).

We conclude that the report of the referee contains findings sufficient to establish the essential elements to prove fraud, and that the trial court did not err in overruling the defendants' objection and in rendering judgment for the plaintiff in accordance with the report.

The defendants also claim that the referee erred in refusing to admit into evidence a letter from the plaintiff's counsel to the defendants' counsel. The letter was never marked for identification and there was no motion to correct the finding to set forth the ruling on the defendants' offer of this evidence as required by Practice Book § 438. Moreover, the brief does not include references to the offer, the objection, the claim, the ruling and any exception. See Practice Book § 4065 (d) (3). We are unable to review this claim.

The final claims made by the defendants are that they could not be guilty of concealing the condition because the plaintiff waived her contractual right to inspect the well, and that the plaintiff waived her right to claim fraudulent concealment when she went forward with the purchase after having been told that the water supply was limited. The defendants have waived their right to attack the factual findings of the referee on these claims. *LiVolsi* v. *Pylypchuck,* supra. Furthermore, they did not plead waiver as a special defense. See *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 195, 148 A.2d 554 (1959).

There is no error.

In this opinion the other judges concurred.