The plaintiff, Terry Payton, applied to the defendant City of Norwalk Police Department (department) for employment as a police officer. Among other testing procedures, the department required that Payton submit to psychological testing. The plaintiff was subsequently informed that he did not pass this test, and hence he was refused employment. The plaintiff then asked to see the results of this psychological testing and the request was refused. Thereafter, the plaintiff brought an action asking the court by way of an injunction and writ of mandamus to order the department to disclose the results of his psychological testing to him.
The case was referred to Attorney H.C. Kaplan, an attorney trial referee, pursuant to General Statutes 52-434
(a)(4) and Practice Book 428 et seq. The attorney trial referee recommended that judgment enter in favor of the plaintiff directing that the department provide him with information regarding the psychological test.
This issue of whether the Personal Data Act, General Statutes 4-190 to 4-197, requires a police department to disclose to an applicant for employment the results of his psychological testing appears to be a matter of first impression in this state.
In making his recommendation in favor of the plaintiff the attorney trial referee made certain factual findings as follows: (i) the Norwalk Police Department is an "agency" within the scope of General Statutes 4-190 (1); (ii) the result of one's own psychological testing is part of "personal data" under General Statutes 4-190 (9); (iii) the action had been brought under the provisions of General Statutes 4-197 by a writ, summons and complaint, rather than by a "petition" under General Statutes 4-195, which mandates that such petition be filed within thirty days after the agency refuses to disclose personal data. No such petition was filed by Payton. The referee was also of the opinion that Payton could not invoke 4-195 even if he had attempted to do so because he did not reside within any judicial district in this state; (iv) a waiver signed by the plaintiff which indicated that he would not seek to examine the results of the department's inquiries about himself applied only to interviews of third persons, and not to the results of tests administered to him; (v) the plaintiff did not understand the waiver to apply to the results of his psychological testing; and (vi) plaintiff's counsel was not entitled to an award of attorney's fees authorized by General Statutes 4-197 because he did not present evidence CT Page 3135 at the trial concerning his fees, nor did he reserve the right to do so at a later hearing.
The plaintiff thereafter filed with the referee a motion to correct (Practice Book 438) regarding attorney's fees, which in effect argued that he was entitled to such fees despite the fact that no evidence on this subject was presented to the attorney trial referee, nor was there any attempt to reserve the right to present such evidence on a subsequent occasion.
The defendant also moved that the attorney trial referee correct his report in a number of respects. It should be noted that the report was filed and mailed to counsel on October 12, 1990 and the motion to correct by the defendant was filed on October 30, 1990, and thus was not timely under the provisions of Practice Book 438. However, the attorney trial referee without objection from the plaintiff submitted a supplementary report filed and mailed to counsel on November 30, 1990, which analyzed defendant's motion to correct.
No exceptions to this report as permitted by Practice Book 439 were filed by either party. The plaintiff did file a timely objection (Practice Book 441) to the supplementary report again requesting an award of attorney's fees. The defendant filed a motion to "correct" on December 13, 1990, which I believe was improper, as such motions pertain only to the original report of the attorney trial referee. In any event, the defendant filed objections to the revised report on January 12, 1991, well after the "two weeks" period prescribed by Practice Book 441. Nevertheless, I have reviewed both plaintiff's and defendant's objections to the report in order to insure that this case be evaluated on its merits. "A party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings. Practice Book 440." Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989).
The only finding of fact that appears to be in dispute is whether the plaintiff understood that the waiver he signed applied to the results of his psychological testing. The attorney trial referee found that he did not. The defendant disputes this finding, but I believe that it is unnecessary to decide this issue, because I agree with the trial referee's finding that the waiver form as written does not apply to the results of the plaintiff's own testing but rather only to interviews of third persons by the CT Page 3136 department. The waiver refers to "background information" and to interviews with neighbors and associates (". . . an investigation of my background to include interviews with personal references, neighbors, co-workers and associates."
The waiver goes on to state that the applicant "waive(s) all rights to review any material contained in any written background investigation." The whole thrust of this waiver concerns information obtained from third parties and not to the results of testing of the applicant himself. Hence, I agree with the attorney trial referee that the plaintiff is entitled to obtain the results of his psychological testing pursuant to General Statutes 4-193
(g), which requires that an agency disclose personal data about the person who makes a request for disclosure. There are exceptions to this requirement in General Statutes 4-194
if the agency believes that disclosure would be detrimental to the person making the request. There is also a provision that the agency "shall" make such information available to a person's medical doctor if requested. In this case the police department refused Payton's request because of the claim of waiver specifically, and in general on the basis that it had no obligation to make such disclosure to the plaintiff. The defendant did not, in other words, attempt to invoke the exceptions found in General Statutes4-194.
I also agree that plaintiff's counsel is not entitled to an award of attorney's fees because he did not present any evidence regarding such fees at the trial nor reserve the right to do so at a subsequent hearing.
In conclusion, the findings of fact and the conclusions by the attorney trial referee are accepted in accordance with Practice Book 443, as I find no material error in his recommendations, or any other reason why the report is unacceptable.
Accordingly, judgment may enter for the plaintiff directing that the defendant department furnish him with the results of his psychological testing conducted by and on behalf of the defendant department.
No costs are awarded to either party. CT Page 3137
WILLIAM B. LEWIS, JUDGE