[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between two adjacent property owners on the Norwalk River in Norwalk, in which the plaintiff, Waterfront Development Limited Partnership (Waterfront), seeks a declaratory judgment that the defendants have constructed a marina in such a fashion as to encroach upon the plaintiff's riparian rights. Waterfront also seeks an injunction ordering the defendants to remove certain structures alleged to constitute a trespass on its property. The defendants counterclaimed, also seeking a declaratory judgment to the effect that plaintiff Waterfront's littoral area had not been encroached upon by defendants' marina.
The case was referred to the attorney trial referee program, General Statutes 52-434 (a)4, Practice Book 428 CT Page 6228 et seq., and the attorney trial referee, Saul Kwartin, Esq., recommended that judgment enter in favor of the defendants RG Industries, Inc., George Milhailidis and Richard Scalise.
The attorney trial referee made some forty-three different findings which I believe may be summarized as follows; (i) that the plaintiff's agent spoke in favor of the defendants' application for a marina when it was presented to the Norwalk Planning and Zoning Commission; (ii) that the defendants at that same hearing offered a model, drawn to scale, which depicted where the marina would be built, and also that the marina was ultimately built as shown on the model; (iii) that maps #49 and #1195, on file in the Norwalk Land Records, although not labeled as such, depicted riparian boundary lines extending into the river; (iv) that riparian rights can arise both from agreement between the parties and by maps and deeds, and that in both cases the defendants' riparian rights were as they claimed; and (v) that plaintiff still had access to its property despite its claim that the marina constructed by the defendants prevented such access.
The plaintiff filed a motion to correct, Practice Book 438, claiming that its agent had not spoken in favor of defendants' proposed marina, that the model presented at the public hearing did not actually depict the proposed marina as it was eventually constructed, and that the recorded maps did not depict the riparian lines.
The attorney trial referee declined to make any substantive changes in his report. For some unknown reason, although the attorney trial referee's report was filed September 17, 1990, it was not mailed to counsel by the clerk's office until April 24, 1991. On May 8, 1991 the defendants filed exceptions to the referee's report pursuant to Practice Book 439.
The plaintiff correctly points out that exceptions must be filed within ten days of the supplementary report of a referee, which was not done in this case, using of course April 24, 1991 as the filing date of the supplementary report. Furthermore, an exception taken on the grounds that ". . . a material fact had been found without evidence or the committee has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear," must be accompanied by a transcript, which was not furnished in this case. Practice Book 439. CT Page 6229
Moreover, several of the exceptions (30, 37, 38) were not a subject of the motion to correct, and therefore should not be considered. Practice Book 439. Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989).
Even putting these procedural anomalies aside, it appears that the plaintiff is simply attempting to substitute its version of the facts for those found by the referee, which attempt was disapproved in Argentis v. Gould,23 Conn. App. 9, 19, 579 A.2d 1078 (1990).
Moreover, the plaintiff did not file any objections to the report. As was stated in Bernard v. Gershman, supra, 655; "[a] party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings. Practice Book 440."
Thus, the referee's conclusions must be deemed unchallenged because of the lack of objections thereto. I find no material error in his report, or any other reason why it is unacceptable. Practice Book 443. I believe that his "conclusions of fact" were "properly reached on the basis of the subordinate facts found," Practice Book 440. Therefore, judgment may enter for the defendants on plaintiff's complaint, and in favor of the defendants on their counterclaim to the effect that their marina is not encroaching upon the plaintiff's riparian area.
WILLIAM B. LEWIS, JUDGE.