[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between homeowners, the plaintiffs, Helen N. and Stanley S. Kaslikowski, and a contractor, Joseph A. Totilo Sons. Inc., the defendant. The parties entered into a written contract for $6,000 to replace a flagstone terrace and to install a drainage ditch, pipe and trap rock on the plaintiffs' property located in Stamford. The plaintiffs claim that the defendant breached the contract by performing its work in a defective manner. The defendant denied an allegation in the complaint that the contract required it to alleviate a water problem in plaintiffs' back yard. The defendant also filed a "set-off" claiming it was owed a balance of $2,000 on the contract.
This case was referred to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes 52-434(a) and Practice Book 428 et seq. The referee conducted a trial and then filed a report CT Page 3864 containing several findings of fact, including: (1) that the patio and drainage ditch were installed by the defendant in a reasonably workmanlike manner and in accordance with the contract between the parties; (2) that defendant did not agree to solve the flooding problems in the backyard of plaintiffs' property; and (3) defendant did not commit any fraud or make any misrepresentations. Based on these findings of fact, the attorney trial referee concluded that defendant had not breached its contract with plaintiffs, and that the plaintiff owed the defendant $1,500, after considering the parties' agreement that there would be an adjustment "pricewise" for problems encountered.
The plaintiffs did not file with the referee a motion to correct his report, Practice Book 438, nor exceptions or objections to the report, Practice Book 439, 440, respectively. In the absence of a motion to correct and exceptions, the factual findings of the referee must stand uncorrected. Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994
(1985). See also Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 424, 567 A.2d 1250 (1989) ("[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous"). Our remaining task is to determine whether the referee's conclusions of fact and law are "legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman,18 Conn. App. 652, 656, 559 A.2d 1171 (1989). The referee found that the work performed by defendant was done in a workmanlike manner and conformed with the written contract between the parties, and that there was a balance due defendant under the terms of that contract. In the court's opinion, the referee's recommendations were "properly reached on the basis of the subordinate facts found." Practice Book 440.
Thus, no material error in the referee's report has been found, or any other sufficient reason why it is unacceptable; see Practice Book 443. Therefore, judgment is entered in accordance with the report of the attorney trial referee in favor of the defendant to recover from the plaintiffs the sum of $1,500, without prejudgment interest.
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of April, 1994.
William B. Lewis, Judge CT Page 3865