[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This controversy involves a claim by four former or present employees of the city of Stamford for retroactive pay increases for the two year period, July 1, 1987, to June 30, 1989. The plaintiffs are Sim Bernstein, the director of personnel for Stamford, John Canavan, now deceased, who was the deputy commissioner of the Public Works Department, Francis Kirwin, the tax assessor, and Thomas Barrett, the city's former chief labor negotiator. The defendants are the city's Board of Finance and Paul Pacter, the former commissioner of that board.
The plaintiffs brought a two count complaint. In the first count, plaintiffs allege that they were classified supervisors or administrators during the time period in question, that they did not belong to a collective bargaining unit, and that in 1988 they were awarded a salary increase of 5% per year by virtue of a pay CT Page 9380 plan adopted by the city's Personnel Commission. Plaintiffs further allege that defendants refused to fund these increases, and that they appealed to the Personnel Appeals Board, which sustained their appeal, but that the defendants again refused to pay such increases. Accordingly, in count one, plaintiffs seek a writ of mandamus compelling the defendants to pay the increases awarded by the Personnel Commission and affirmed by the Personnel Appeals Board. General Statutes § 52-485.[1] In the second count, plaintiffs claim that they are owed unpaid wages and hence are entitled to double wages pursuant to General Statutes §31-72.
The defendants in their answer and special defenses deny that the plaintiffs are entitled to a pay increase, and contend that the Personnel Commission did not have the power or jurisdiction to order such an increase because such authority is vested in the defendant Board of Finance pursuant to the city's Charter. Additionally, the parties stipulated that defendants could file a counterclaim in this action. The counterclaim seeks reimbursement for the city of a portion of the wage increase sought by plaintiffs, which had actually been paid to them. These amounts vary between approximately $4,200 and $5,800 for each of the four plaintiffs.
This case was referred to Attorney Howard C. Kaplan, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed a very comprehensive report containing certain findings of fact, including: (1) that pursuant to section C-735 of the city of Stamford Charter of December 1, 1981, the Personnel Commission adopted a pay plan for nonunion classified employees, including the four plaintiffs in this action; (2) that this pay plan was amended on April 26, 1984, to add Rule 6.6, which is the basis for the salary increases claimed by the plaintiffs;[2] (3) that Rule 6.6 of this pay plan[3] vested the Personnel Commission with authority to adopt a pay plan without the necessity of approval by the Board of Finance or the Board of Representative; (4) that this rule entitled classified non-union employees, such as the plaintiffs, to receive the same percentage raises obtained by members of the Municipal Administrators Association; (5) that Rule 6.2 of the pay plan requires that the Board of Representatives approve a pay plan adopted by the Personnel Commission; (6) that on August 13, 1984, the Board of Representatives adopted Ordinance No. 535 Supplemental, which authorized salary increases to be paid as a CT Page 9381 "result of the implementation of the Civil Service Merit System Rules;" (7) that a "new" Stamford Charter was adopted December 1, 1987, as a result of which a new pay plan, dated October 26, 1989, was enacted effective July 1, 1990, which required approval of pay raises for employees such as the plaintiffs by the Board of Finance and Board of Representatives; (8) that the plaintiffs appealed the refusal of the defendants to pay the increases awarded by the Personnel Commission to the Personnel Appeals Board, which sustained the appeal and ordered that the increases in question be paid to the plaintiffs; (9) that even if the salary increases are deemed illegal, the city is estopped from claiming reimbursement for that portion of the increase actually paid by the city and received by the four plaintiffs; and (10) that the defendants did not act in bad faith or arbitrarily.
Based on these findings of fact, the attorney trial referee concluded: (1) that the plaintiffs have an adequate remedy at law, viz., an award of monetary damages, as requested in the second count, and therefore they are not entitled to a writ of mandamus; (2) that plaintiffs are entitled to the increases in salary approved by the Personnel Commission and the Personnel Board of Appeals, for the two year period ending June 30, 1989, plus interest, with the exact amount of the award to be calculated at a later date after a determination of liability was first made; (3) that Rule 6.6 was enacted by the Personnel Commission after Rule 6.2 and is valid and binding, and that Rule 6.2, which requires approval of pay increases by the Board of Finance and Board of Representatives, was "unlawful and void;" (4) that Ordinance No. 535 Supplemental does not require that the Board of Representatives approve the pay plan adopted by the Personnel Commission; (5) that the new pay plan requiring approval by the Board of Representatives did not effect plaintiffs' claims which involved a period ending on June 30, 1989; (6) that the decision of the Personnel Appeals Board is binding on both plaintiffs and defendants because the refusal to honor the salary increases awarded to plaintiffs involved disciplinary matters which are within the jurisdiction of that board, and whose decisions are appealable only by employees, and not the employer, the city of Stamford; (7) that "there is no ground for the award of double damages" based on General Statutes § 31-72;[4] and (8) that the plaintiffs continued to serve the city in reliance on the salary increases voted by the Personnel Commission, and accordingly the defendants and the city are "estopped" from claiming reimbursement for the increased salaries actually paid to the four plaintiffs. CT Page 9382
The defendants, pursuant to Practice Book § 438, moved to correct the report in a number of respects, including adding the following: (1) that the Board of Representatives never approved the April 26, 1984 pay plan adopted by the Personnel Commission, which changed the pay plan from one based on merit to one based on parity with the members of the Municipal Administrators Association; (2) that under the city Charter in effect at the times in question, approval by the Board of Representatives was required before a new pay plan could be implemented; (3) that Rule 6.2 was not abrogated by the subsequent enactment of Rule 6.6, and therefore Board of Representatives approval was required before a new pay plan could be validly enacted; (4) that Rule 6.6 was invalid because the adoption of a new pay plan based on raises granted to members of a collective bargaining unit required approval of the Board of Representatives, which was never granted; (5) that Rule 6.2 requiring approval by the Board of Representatives of a pay plan is valid and binding and is not superseded by the subsequent enactment of Rule 6.6; (6) that the Board of Representatives never approved the adoption of Rule 6.6, which is the basis for the plaintiffs' claims for an increase in salary; (7) that the Personnel Appeals Board never addressed the relationship between Rules 6.2 and 6.6, and therefore its decision regarding salary increases is not binding in any event; (8) that the reference to the four plaintiffs continuing to work in reliance on the proposed wage increases should be stricken since the only one of the four plaintiffs to testify was the named plaintiff Bernstein, who did not testify that he continued to work for the city of Stamford only because of the proposed wage increases; and (9) that absent approval of the pay raises by the Board of Representative, the plaintiffs had no right to retain the salary increases previously received.
The defendants also requested in their motion to correct that the referee add to his report the following: (1) that the Personnel Commission adopted a pay plan in 1977 relating to classified employees such as the plaintiffs, in which pay increases were based on merit, and such increases were not to be linked to salary adjustments awarded to members of a collective bargaining unit; (2) that on September 22, 1983, the Personnel Commission added Rule 6.6, which contained a parity provision, and is therefore in conflict with the prior pay plan in which increases are based on merit; (3) that Rule 6.6, adopted in 1983, was never approved by the Board of Finance and the Board of Representatives; (4) that effective September 7, 1984, the Board CT Page 9383 of Representatives adopted Ordinance No. 535 Supplemental, which provided that appropriations of over $1,500 required its approval, except for those increases which are "the result of the implementation of the Civil Service — Merit System Rules which provide for merit increases . . ."; (5) that Rule 6.6 was deleted by the Personnel Commission as of February 19, 1987; (6) that a new Charter, effective December 1, 1987, specifically provided in section C5-10-3b that a pay plan adopted by the Personnel Commission for those not in a collective bargaining unit must be approved by the defendant Board of Finance, and also by the Board of Representatives; (7) that in June, 1988, in response to the Charter revision of December 1, 1987, the "Classified Service Rules" were amended by section 11.1, Salary Plan, to provide that such a plan required "the approval of the Personnel Commission, the Board of Finance and the Board of Representatives"; (8) that plaintiff Bernstein's recommendation to the Personnel Commission that he and the other three plaintiffs receive awards based on parity with increases granted to members of the Municipal Administrators Association, was purportedly based first on "Rule 6.6," which was no longer in effect, and secondly on the "Charter," section C5-10-3 of which required approval of salary increases for employees such as the plaintiffs by the Board of Finance and the Board of Representatives; and (9) that the decision of the Personnel Appeals Board focused on whether the refusal to fund the increases in question was disciplinary in nature, and did not analyze whether the Personnel Commission had the authority to enact such increases.
The referee declined to make any substantive corrections to his report or to his recommendation that judgment enter in favor of the plaintiffs. The defendants filed both exceptions to the referee's report pursuant to Practice Book § 439, including the required transcript, and also objections in accordance with Practice Book § 440. The exceptions and the objections both contend that Rule 6.6 of the Pay Plan adopted by the Personnel Commission, which mandates parity increases, required prior approval of the defendant board of Finance and/or the Board of Representatives, which did not occur.
As to this court's scope of review of an attorney trial referee's recommendations regarding the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without CT Page 9384 evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517
(1989). According to Bernard v. Gershman, 18 Conn. App. 652,656, 559 A.2d 1171 (1989), this court's task is to determine whether the conclusions of fact and law by the referee "are legally and logically correct and whether they find support in the facts found by the referee." See also Practice Book § 440.
Accepting all the facts found by the referee, it nevertheless appears that his conclusion that the plaintiffs are entitled to retroactive pay increases is incorrect as a matter of law. "A referee's determinations of law in his or her report are not binding on the court . . . the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee . . . [t]he trial court [has] the inherent authority . . . to render whatever judgment was appropriate in light of the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) Dills v. Enfield, supra, 210 Conn. 713. Thus, the pay increases sought by plaintiffs and premised on Rule 6.6 are prohibited by the Charter, which referred in section C-732(7) to the obligation on the part of the Personnel Commission "to maintain the integrity of the merit system." Such raises are also prohibited by Rule 6.2, as quoted previously, and in addition by section 11.1A of the "Classified Service Rules" effective June 21, 1988, which predated the approval on October 27, 1988 by the Personnel Commission of the two retroactive wage increases for the plaintiffs. Moreover, the Finance Board specifically disapproved the proposed wage increases for classified, non-union employees such as the plaintiffs for the period in question, July 1, 1987 to June 30, 1989. Finally, Ordinance C-535, quoted previously, also prohibits the wage increases at issue in this case.
It should also be noted that when adopted in 1983, Rule 6.6 changed the method for enacting wage increases for the four plaintiffs from one based on merit to parity with increases obtained by members of a collective bargaining unit. It therefore seems evident to this court that the plaintiffs, as well as the Personnel Commission and Personnel Appeals Board, ignored existing Rule 6.2, which required approval by the Board of Finance and the Board of Representatives, the city's CT Page 9385 legislative body. Moreover, the plaintiffs who, in 1988, claimed that a wage increase was due them based on Rule 6.6, failed to consider that such rule was itself deleted in 1987. With respect to the contention that the decision of the Personnel Appeals Board is binding on the defendants, that decision concerned whether or not the failure of the Board of Finance to fund the increases constituted a disciplinary action, and did not decide whether either the Charter, Ordinance or Rule 6.2 permitted such increases. Hence, that decision is not binding on these parties on the theory of collateral estoppel as the same issues were not litigated. "Collateral estoppel, or issue preclusion, is the doctrine that bars relitigation, in a second action between the same parties brought upon a different claim, of issues already determined in the first action." (Citations omitted; internal quotation marks omitted.) Rawling v. New Haven, 206 Conn. 100,110, 537 A.2d 439 (1988).
In conclusion, it is the court's opinion that the plaintiffs did not meet their burden of proving that they were entitled to the wage increases awarded them by the Personnel Commission. With respect to the counterclaim, the defendants did not sustain their burden of proof that the city of Stamford was entitled to a refund of those amounts of the increase previously paid to plaintiffs. In the first place, the city is not a party to this litigation, as the two named defendants vigorously insisted. Even if the refunds theoretically belong to the defendant Board of Finance, the amounts in question were voluntarily paid to the four plaintiffs, and without any kind of reservation or caveat. Thus, the defendants, who consistently argued that plaintiffs were not entitled to a salary increase, paid a portion of the increases in 1988 despite knowing that the Corporation Counsel had given an opinion in 1985 that such raises were not legal. The defendants thereafter "woke up," so to speak, and ceased making such payments. This constitutes a waiver of a known right by the very defendants who now seek a refund. "A valid waiver is defined . . . as the intentional relinquishment or abandonment of a known right or privilege." (Citation omitted.) In re Manuel R.,207 Conn. 725, 736, 543 A.2d 719 (1988).
Therefore, judgment enters in favor of the defendants and against the plaintiffs on the plaintiffs' complaint, and in favor of the plaintiffs with respect to the counterclaim.
No costs are to be taxed. CT Page 9386
So Ordered.
Dated at Stamford, Connecticut, this 13th day of September, 1994.
William B. Lewis, Judge
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9401