[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this case is whether a licensed environmental cleanup company is exempt from the requirements of General Statutes § 20-418 et seq., the Home Improvement Act. The plaintiff is American Environmental Technologies, Inc. of Bethel, which seeks to foreclose a mechanics lien it placed on property of the defendant, Peter A. Bray, located on Russell Street in Norwalk. The plaintiff alleges that between August and October, 1992, it performed a cleanup of heating oil that had escaped from an underground storage tank and contaminated the subject CT Page 2101 premises, and that it was owed $16,367 pursuant to a written contract with the defendant.
In his answer, the defendant denied that the plaintiff had completed its obligations under the contract because it had failed to certify that its cleanup complied with all applicable environmental laws and regulations, and had refused to guarantee such compliance. The defendant also filed a special defense that the contract between the parties did not comply with the Home Improvement Act in that it did not contain a notice of the right to cancel, the dates for beginning and completing work were not specified, and the plaintiff was not licensed under the Home Improvement Act. The parties stipulated that the mechanics lien was properly filed, that the contract did not comply with the Home Improvement Act, and that the plaintiff was not licensed under that act.
This case was referred to Attorney Howard C. Kaplan, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed a report containing certain findings of fact, including: (1) that the plaintiff at all pertinent times was licensed by the Connecticut Department of Environmental Protection (DEP) to clean up oil spills and remove hazardous waste (see General Statutes § 22a-454 and corresponding provisions of the Connecticut Hazardous Waste Management Regulations), and that DEP had recommended the plaintiff to the defendant after he suffered an oil spill on his property on August 18, 1992; (2) that DEP regarded the oil spill as an emergency because the spilling was spreading, and the plaintiff began its cleanup that day, pursuant to a written contract with the defendant providing for a charge of $16,367; (3) that the defendant had paid only $600, leaving a balance of $15,767, plus interest at 10% from October 12, 1992, and that the mechanics lien securing this sum had been properly filed; (4) that the DEP approved the plaintiff's work and considered the job to be complete although a few items remained unfinished at the time when the defendant instructed the plaintiff to stop work because a question had arisen regarding insurance coverage; (5) that the charge for the cleanup was reasonable and the defendant knew he was obliged to pay the plaintiff the agreed amount; (6) the work performed by the plaintiff at the subject premises was within the scope of the Home Improvement Act; and (7) that the work performed by the plaintiff was within the scope of his license from the DEP, and that said license constituted a professional or occupational CT Page 2102 license within the meaning of the Home Improvement Act.
Based on these findings of fact, the attorney trial referee concluded: (1) that the plaintiff was exempt from the Home Improvement Act pursuant to General Statutes § 20-428(4), which provides that the act does not apply "to any person holding a current professional or occupational license issued pursuant to the general statutes, provided such person engages only in that work for which he is licensed"; (2) that the mechanics lien was valid and that the plaintiff was entitled to have the lien foreclosed; and (3) that the debt owed plaintiff was $15,767, plus interest at 10% from October 12, 1992 to the date of judgment.
Pursuant to Practice Book § 438, the defendant moved to correct the report in a number of respects, including that: (1) the emergency nature of the work had ceased shortly after the DEP officials arrived on the site; (2) the reference in the report that the price of the work was reasonable was made without evidence; (3) the defendant never received an estimate of the cost of the job despite his requests to the plaintiff; (4) the plaintiff kept working after the defendant found out about an insurance coverage problem and tried unsuccessfully to contact the plaintiff; (5) the landscaping aspect of the plaintiff's work was not within the purview of the DEP license, and thus the plaintiff was not exempt from the Home Improvement Act; and (6) because the contract did not comply with the Home Improvement Act, the defendant did not owe the plaintiff any money. The referee declined to make any corrections to his report or to his recommendation that judgment enter in favor of the plaintiff.
The defendant filed exceptions to the referee's report pursuant to Practice Book § 439, and the required transcript of evidence introduced at the trial. The exceptions contend that the referee was in error in failing to find those facts referred to in the defendant's motion to correct, and in failing to strike certain facts as requested by the defendant. The essence of defendant's argument is that because the services performed by the plaintiff in cleaning up the oil spill included backfilling the excavation, reseeding, and landscaping activities, the plaintiff was not exempt from the Home Improvement Act.
As to this court's scope of review of an attorney trial referee's recommendations regarding the facts of a given case, the Supreme Court has stated that: (1) the trial court may not CT Page 2103 "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. See also Practice Book § 440.
Therefore, the first issue is whether the referee's factual findings are supported by the record. A review of the transcript indicates, among other things, that an inspector for the Oil and Chemicals Spill Response Division of the DEP testified that the scope of the work that he ordered performed on the subject premises was within the licenses granted to the plaintiff by the DEP; that it was "usual" for an environmental contractor such as the plaintiff to backfill the excavation "and finish the landscaping," and also that "putting grass seed and fixing up the soil is usually done by the person that started the work." There was also testimony by an officer of the plaintiff that the price charged by the defendant for the cleanup was reasonable and "competitive with our industry peers." Accordingly, it follows that there was indeed support in the record for the factual findings made by the referee. Moreover, despite filing a motion to correct and exceptions, the facts really do not appear to be disputed. As defendant's own counsel stated: ". . . most of this is on the law. I mean everything, to me, is legal. I mean, it's either yes or no under the law."
In addition to determining whether "there was . . . evidence to support the attorney trial referee's factual findings," the second task is to decide whether "the conclusions reached were in accordance with the applicable law."Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741,746, 583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153
(1991). In this regard, the defendant did file objections to the acceptance of the referee's report, Practice Book § 440, reiterating his contention that the referee had erred in determining that the plaintiff was exempt from the Home Improvement Act, and that the work it performed on the subject premises was within the purview of its licenses from the DEP. The defendant argues that because the work includes activities regarded as landscaping, the plaintiff is not exempt from the requirements of the Home Improvement Act. The defendant also CT Page 2104 adds a claim, which was not included in his answer or special defense, that his contract with the plaintiff was one of "adhesion" because it was "not subject to normal bargaining processes."[1]
Since the referee's findings of fact have been accepted because they find support in the record, the remaining task is limited to determining whether the legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, 18 Conn. App. 652,656, 559 A.2d 1171 (1989); see also Practice Book § 440. Based on the standard of review in Dills v. Enfield, supra, 210 Conn. 714, the court cannot agree with the defendant that the attorney trial referee's conclusion that the plaintiff's license from the DEP exempted it from the requirements of the Home Improvement Act was unwarranted, illegal or illogical. To the contrary, I believe that, in the words of Practice Book § 440, his recommendations were "properly reached on the basis of the subordinate facts found." No material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. See Practice Book § 443. The referee heard testimony that the usual procedure for an oil spill is to excavate the contaminated soil, test the soil, remove it and the oil tank, and restore the landscaping by backfilling the excavation with topsoil and reseeding. It does not follow that a company licensed by the DEP to clean up hazardous waste and haul it away suddenly becomes a home improvement contractor because one aspect of the job is generally considered landscaping.
Accordingly, judgment is entered in favor of the plaintiff to foreclose its mechanics lien on the defendant's property. The determination of the exact amount of the debt and interest, value of the property, and the date and manner of foreclosure should be claimed to the foreclosure short calendar.
Statutory costs are to be taxed by the clerk.