[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between a patient, the plaintiff, Eneida Fino, and her physician, Charles D. Gianetti, M. D., the defendant, over the proper amount of charges for certain plastic surgery performed on the plaintiff in August, 1990. In her complaint, the plaintiff alleges that the defendant agreed to charge $5,000 for the procedure, that she paid the defendant that sum, and that thereafter the plaintiff's insurance company paid the defendant an additional $2,555, which the plaintiff now seeks to recover in this action.
The defendant, who represented himself pro se throughout these proceedings, filed an answer, two special defenses and a counterclaim. The defendant admitted receiving $2,555 from the plaintiff's carrier in November, 1991, but denies that it represents an overpayment of his fees. The special defenses claim that the complaint does not set forth a cause of action, and that there was an accord and satisfaction. In his counterclaim, the defendant alleges breach of contract and negligence on the part of the plaintiff. The defendant contends that the agreed upon fee for plastic surgery to be performed on the plaintiff was $8,500, not $5,000 as claimed by the plaintiff, plus additional charges for follow-up care rendered to January, 1991. The defendant agrees that he received $5,000 directly from the plaintiff, and an additional $2,555, for a total of $7,555, but that a balance of $1,474 remained unpaid by the plaintiff. The defendant also alleges that the plaintiff was negligent in not referring her CT Page 9230 insurance carrier, the Prudential Insurance Company of America (Prudential), to him, which in turn caused the company to make incorrect payments. The plaintiff filed a special defense to the counterclaim alleging that the facial surgery performed by the defendant "was not done in a proper manner."
This case was referred to Attorney David M. Cohen, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed his report containing the following findings of fact: (1) that Prudential erroneously sent checks to both the plaintiff and the defendant in the amounts of $2,555, and the plaintiff returned her check to the insurance company, and sued the defendant to recover that same amount which he received and kept, on the theory that she was entitled to any payments made by her company over and above the agreed upon charge of $5,000; (2) that the plaintiff's application for medical services on the defendant's office form bears a notation that the fee would be $8,500, this figure was not on the form when the plaintiff signed it, and was added subsequently by the defendant; (3) that approximately two months after the facial surgery, the defendant submitted a claim to Prudential for $6,250, including post-operative care; (4) that about a year and a half after the operation, in January, 1992, the defendant submitted a bill to plaintiff for $8,500, plus an additional charge of $530 for follow up care, and credited the $5,000 received from the plaintiff and the $2,555 received from Prudential; (5) that the plaintiff never agreed to pay $8,500 for the surgery, but she was quoted a fee of $5,000, which she paid in advance, and that she expected to be reimbursed if her carrier made any payments to the defendant. Thus, the attorney trial referee concluded that the plaintiff should recover $2,555 from the defendant, and that she should prevail on the defendant's counterclaim.
The defendant, pursuant to Practice Book § 438, moved to correct the report to reflect that: (1) it was agreed that the defendant would apply to Prudential to obtain payment of the balance due on his bill; (2) the defendant had noted on the plaintiff's office form that the surgery for the plaintiff would be $8,500, and he had made the notation at the time of her initial visit to his office; (3) the defendant submitted a statement for $6,250 to Prudential representing only that portion of his bill which covered "non-cosmetic" aspects of his surgery as they alone would be covered by the policy; (4) his total fees CT Page 9231 were $8,500 for the surgery, and $530 for post-operative office visits; and (5) the plaintiff signed an "Assignment of Benefits," thus assigning to the defendant any money received from her insurance carrier.
The attorney trial referee declined to make any changes in his report or recommendation that judgment enter for the plaintiff, except to add to his report that the plaintiff had executed the assignment of benefits referred to in the defendant's motion to correct.
The defendant filed exceptions to the referee's report pursuant to Practice Book § 439, and properly included the required transcript of the evidence that was introduced at the trial. The exceptions, which repeat the contentions set forth in the motion to correct, claim that the referee was in error in that the agreed upon fee for the surgery was $8,500, not $5,000, the defendant was entitled to payment for office visits after the operation, for a total of $9,030, and that there was a balance due from the plaintiff of $1,475. The defendant also filed objections to the acceptance of the referee's report, Practice Book § 440, in which he reiterated his contention that the referee had erred in determining that the agreed upon fee for surgery was $5,000, particularly in light of the fact that "the plaintiff assigned her insurance benefits to the defendant."
As to this court's scope of review of an attorney trial referee's recommendations regarding the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716; see also Practice Book § 440.
Therefore, the first issue is whether there is support in the record for the referee's factual finding that the parties intended that the fee for surgery would be $5,000. A review of the transcript indicates that there was sufficient credible support in the record for the factual findings made by the referee.[1] Although evidence to the contrary was presented at CT Page 9232 trial, including testimony from the defendant himself, and from his medical assistant, Janice Masse, it is axiomatic that "[w]here evidence is in conflict, its probative value is for the trier of fact to determine." Bernard v. Gershman, 18 Conn. App. 652,656, 559 A.2d 1171 (1989). It appears from reviewing the defendant's motion to correct and his exceptions to the report, that the defendant is attempting to substitute his own version of the facts for those found by referee's recommendations were "properly reached on the basis of the subordinate facts found." No material error in the referee's report has been found, or any other sufficient reason why the report is unacceptable. See Practice Book § 443.
In addition to determining whether "there was . . . evidence to support the attorney trial referee's factual findings," the second task of the reviewing court is to decide whether "the conclusions reached were in accordance with the applicable law."Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741,746, 583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153
(1991). See also Practice Book § 440; Bernard v. Gershman,
supra, 18 Conn. App. 656.
"A referee's determinations of law in his or her report are not binding on the court . . . the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee . . . [t]he trial court [has] the inherent authority . . . to render whatever judgment was appropriate in light of the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) Dills v. Enfield, supra, 210 Conn. 713. See also State Bank of Westchester v. New Dimension Homes ofConnecticut, Inc., 38 Conn. App. 491, 497, ___ A.2d ___ (1995) (stating "[a]ny legal conclusions reached by an attorney trial referee have no conclusive effect").
It is the court's opinion that the plaintiff cannot recover the money the defendant received from Prudential because she assigned all her insurance benefits to the defendant. This means that if the defendant received any money from Prudential, he could keep it. The defendant cannot recover any money from the plaintiff because, according to the referee, he agreed not to charge her more than $5,000. The referee recommended judgment for the plaintiff on her complaint without referring to the intent of the parties in executing the assignment of benefits. Whether Prudential paid too much or too little to the defendant is not CT Page 9233 germane to this case, but it appears that by executing an assignment of benefits, the plaintiff was authorizing the defendant to attempt to get more money from her insurance company, which he did, and the plaintiff should not be able to, in effect, repudiate her assignment.
Accordingly, judgment is entered in favor of the defendant on the plaintiff's complaint and in favor of the plaintiff on the defendant's counterclaim. No costs shall be taxed in favor of either party.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of August, 1995.
William B. Lewis, Judge