[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two actions arose when Robert Cuda brought a small claims action on June 3, 1993 against Park Mead Condominium Association, Inc. (Park Mead) seeking $2,000 for the cost of installing a plumbing pipe in his condominium unit in the Park Mead Condominiums on Park Street in New Canaan. On motion of Park Mead, the matter was transferred to the regular docket of the Superior Court. Subsequently, Park Mead filed a counterclaim alleging that the Cudas refused to permit the entry into their unit of an agent of the defendant condominium association who sought to install a pipe necessary to forestall a plumbing emergency threatening water damage to other units.
The second of the above captioned actions was brought by Park Mead against Robert J. and Lisa R. Cuda, on September 1, 1993, which action sought the foreclosure of a statutory lien allegedly authorized by General Statutes § 47-258 for unpaid common charges and related expenses in the approximate amount of $4,300.
The two actions were consolidated for trial and were referred to Attorney Trial Referee Mary E. Sommer, in accordance with General Statutes § 52-434(a)(4) and Practice Book § 428 et seq. The attorney trial referee conducted a trial and then filed her report containing the following findings of fact: (1) that Park Mead placed a lien on the Cuda's unit, number 23, at the Park Mead Condominiums, in the amount of $4,367 for common and maintenance charges, late fees, attorney's fees and unpaid electrical bills; (2) that for approximately thirty months, the Cudas did not pay anything for the electricity used at their unit, and that the reasonable value thereof was $25 per month or $750; (3) that pursuant to the condominium by-laws, Park Mead had the right to enter any unit in the event of an emergency to prevent damage to other units and the entrance to the Cudas' unit by a representative of the association was justified; and (4) that the $2,000 claim by the Cudas for damages from a power shut off was not justified since they received three weeks notice thereof and their unit was already vacant at the time. As a result of her findings of fact, the attorney trial referee concluded that Park Mead's claim of non-payment of common charges and maintenance fees, costs, plus fines and attorney's fees because of a number of late payments by the Cudas, was warranted in the approximate amount of $3,400. This amount included $750 for unpaid electrical services, and $1,590 for legal fees.
The Cudas thereafter moved, pursuant to Practice Book § 438, to correct the referee's report to reflect that: (1) the amount of $750 for electrical services should not have been included in the lien or the recommendation of the referee because such services are not included within the ambit of a condominium association's lien; (2) the recommendation of attorney's fees was not based on any authority; and (3) the referee should have set forth a more detailed breakdown of the late charges and the periods of time for which common charges were unpaid.
In response to the Cudas' motion to correct, the attorney trial referee issued a supplementary report which: (1) CT Page 13528 recommended attorney's fees in a corrected amount of $1,980;[1]
(2) indicated that General Statutes § 47-258(a) authorizes the inclusion of electrical charges in a condominium association's common charges; (3) stated that General Statutes § 47-258(g) permits an award of attorney's fees in an action to enforce a condominium's lien; and (4) determined that the total amount due Park Mead was $5,386.35, consisting of $2,656.35 for unpaid common and maintenance charges and late fees, and, in addition, the electrical charge of $750 and attorney's fees as stated above.
As to this court's standard of review of an attorney trial referee's findings of the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry" the case; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Town of Enfield, 210 Conn. 705,714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Thus, generally this court's task consists of, first, determining whether "there was . . . evidence to support the attorney trial referee's factual findings," and, second, whether "the conclusions reached were in accordance with the applicable law." Thermoglaze, Inc. v. Morningside Gardens Co., 23 Conn. App. 741,746, 583 A.2d 1331, cert. denied, 217 Conn. 811,587 A.2d 153 (1991).
In the present case, however, the Cudas did not file any exceptions to the report. Practice Book § 439. It follows therefore that the factual findings by the referee must stand uncorrected because a failure to file exceptions constitutes in effect a waiver of the right to attack the subordinate factual findings contained in the report. ". . . filing exceptions seeking corrections by the court preserves the excepting party's rights in this regard . . . A party's failure to conform to this procedure limits the reviewing court to determining whether the subordinate facts found by the attorney were sufficient to support the referee's ultimate factual conclusions." BlessingsCorporation v. Carolton Chronic Convalescent Hospital, Inc.,7 Conn. App. 364, 366, 508 A.2d 829 (1986). Cf. Bernard v.Gershman, 18 Conn. App. 652, 655, 559 A.2d 1171 (1989) (holding that a failure to file a motion to correct waived the right to CT Page 13529 challenge the referee's subordinate factual findings).
The Cudas did, however, file objections to the report in accordance with Practice Book § 440, which provides that objections may be filed in the event a party contends that the referee's conclusions were not properly reached on the basis of the subordinate facts that were found, or that there were erroneous evidentiary rulings, or for "other reasons why the report should not be accepted." The objections contend that there is no authority for the awarding of electrical charges and attorney's fees, and that the calculation of common charges and late fees was inaccurate.
The trial court must accept the referee's findings of fact in the absence of valid exceptions to the report, and therefore its task is limited to determining whether the legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, supra,18 Conn. App. 656; Practice Book § 440. In the present case, the referee found as a fact that the Cudas owed money to Park Mead because of unpaid common and maintenance charges and late fees. This finding has not been challenged, except to assert that the calculation thereof is inaccurate. In the absence of exceptions to the report, and the filing of the required transcript, Practice Book § 439, it is impossible to review this claim. Moreover, the amount of legal fees cannot be challenged in the absence of exceptions.
Thus, the objections to the referee's report present two issues only, and they are whether a condominium association has a right to a statutory lien for unpaid electrical charges and for attorney's fees incurred in bringing an action to enforce its lien. General Statutes § 47-244, the Common Interest Ownership Act, provides, among other things, that "the association . . . may . . .(10) [i]mpose and receive any payments, fees or charges . . . for services provided to unit owners . . . ." General Statutes § 47-258(a) provides that "[t]he association has a statutory lien on a unit for any assessment levied against that unit . . . . Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged pursuant to subdivisions (10). . . of subsection (a) of section 47-244 are enforceable as assessments under this section." Furthermore, General Statutes § 47-258(g) provides that "[a] judgment or decree in any General Statutes § 47-258(g) provides that "[a] judgment or decree in any action brought under this section shall CT Page 13530 include costs and reasonable attorney's fees for the prevailing party." Hudson House Condominium Association, Inc v. Brooks,223 Conn. 610, 616, 611 A.2d 862 (1992).
In conclusion, no material error in the referee's report has been found, or any other sufficient reason why the report is unacceptable. See Practice Book § 443. The court finds, therefore, that the referee's conclusions were "properly reached on the basis of the subordinate facts found." See Practice Book § 440.
Accordingly, judgment hereby enters for Park Mead to foreclose its statutory lien in the amount of $5,386.35 in accordance with the referee's report. The matter should now be claimed to the foreclosure short calendar to set the sale date or law days and any other related matters.
Statutory costs are to be taxed in favor of Park Mead, the prevailing party, by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of December, 1995.
William B. Lewis, Judge